# CHARLESTON.

## SUMMERS v. PARKERSBURG MILL CO.

### Submitted January 25, 1916.    Decided February 8, 1916.

1. NAVIGABLE WATERS—*Floating Logs—Diversion of Water—Injury to Crops—Injunction.*

   Equity has jurisdiction to enjoin the negligent or unlawful exercise of the right to drift logs in a floatable stream, whereby the water is diverted from its usual channel and in great volume cast upon and over adjoining lands of plaintiff, causing irreparable injury thereto and crops growing thereon. (p. 564).

2. INJUNCTION—*Validity of Order—Floating of Logs.*

   An injunction order is not erroneous, in scope and effect, which enjoins a corporation from drifting logs in a floatable stream through plaintiff's land in such manner as materially to interfere with the natural flow of the water or to cause injury "except in the use of the water in the natural and unchecked flow thereof", and from causing or negligently permitting gorges or jams to be formed in the stream whereby the water may be cast upon the land in injurious volume, and from doing or permitting any act in the floating of logs that would injure such real estate or affect injuriously its use or enjoyment by the owner. (p. 564).

Appeal from Circuit Court, Gilmer County.

Suit by Marion B. Summers against the Parkersburg Mill Company. From decree for plaintiff, defendant appeals.

*Affirmed.*

*L. H. Barnett* and *R. F. Kidd,* for appellant.

*Linn & Craddock,* for appellee.

LYNCH, JUDGE:

Many questions discussed by counsel do not fairly arise upon the record of this case. Though in the answer, replied to generally, the floatability of Duck run is averred, the bill is silent on that subject. The sole object of the suit is not to enjoin the use of the stream for floating logs, but the negligent use thereof for that purpose. That intendment the bill manifestly shows. Other relief it does not ask. It expressly charges that defendant negligently and unlawfully permitted its logs to accumulate at designated points in the run, whereby the water is diverted from the usual course or channel and in great volume cast over and upon the land of plaintiff, causing injury thereto and to crops growing thereon; and prays an injunction inhibiting defendant from floating logs in the run through the land so as to interfere with the natural flow of the water, and from doing or permitting any act in removing the logs then in the stream so as in anywise to cause damage to such real estate or injuriously to affect plaintiff's use or occupation thereof. To this prayer the decree, of which defendant complains on this appeal, responded by enjoining defendant from floating logs in such manner as to interfere with the natural flow of the water or to cause such damage "except in the use of the water in the natural and unchecked flow thereof", and from causing or negligently permitting "gorges of logs" to be formed in the run whereby the water may be cast upon the land, and from doing or permitting any act in the removal of logs that would injure such real estate or affect its use or enjoyment by plaintiff. The floatability of the stream in certain seasons seems to be conceded by plaintiff, although much testimony was introduced as to its adaptation and capacity to float logs to the river into which its waters flow.

Nor was the circuit court without equity jurisdiction to award such relief, on the theory, urged by defendant, of the existence of an adequate remedy at law. The bill avers want of such remedy, and consequental irreparable injury to the lands of plaintiff already committed and others threatened and likely to be committed. But irreparable injury, in the legal sense, does not necessarily mean damage beyond possibility of

repair. The damage need not be irremediable. Equity will entertain jurisdiction to prevent a threatened injury when the title is unquestioned and the substantive value of the land in the condition in which it is enjoyed by the owner is imperiled. *Baker* v. *Ruston,* 2 Va. Dec. 156. To invoke the aid of equity, it suffices if the injury threatened is grevious or material and not adequately reparable in damages. *Haskell* v. *Sutton,* 53 W. Va. 206, 220; *Bettman* v. *Harness,* 42 W. Va. 433. To be adequate, the remedy by action must reach and correct the threatened mischief in an equally efficacious manner. But, while a court of law may render compensation for any wrong committed, it is impotent to prevent a threatened injury to real estate. 7 Enc. Dig. 525. ''Equity has jurisdiction to vindicate the rights of a riparian owner to the natural flow of the stream by restraining an unlawful diversion of the water from its natural course''. *Roberts* v. *Martin,* 72 W. Va. 92.

This conception of the case renders unimportant the question whether the agreement between the parties prior to the institution of this suit included all or only a part of the logs lodged in the stream within or above the enclosures of plaintiff; he contends it applied only to forty-seven logs, while defendant insists it included all logs owned by it then in the run. We note, however, that, with his apparent knowledge and acquiescence, or at least without complaint by him, plaintiff permitted the floating of more than three hundred logs after the date of the agreement. Nor does the injunction awarded, in terms or by implication, prohibit the floating of such logs through his lands. Properly construed, the order only restricts the exercise of such right to the careful and lawful manner of performing the labor requisite for removal of the logs. This is its plain intendment and scope, when considered in the light of the allegations of the bill. So considered, plaintiff contemplated only a restricted floatable use of the run.

Such being the correct views, as we apprehend the merits of the case, the decree is not erroneous; and our order will affirm it.

*Affirmed.*